**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KELLY A. ELIAS,

        **Plaintiff,**                      **CIVIL ACTION NO. 09-CV-13527**

    vs.                               **DISTRICT JUDGE GEORGE CARAM STEEH**

**PITT, McGEHEE, PALMER,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**RIVERS & GOLDEN, P.C., CARY**
**S. McGEHEE, MICHAEL PITT,**
**AND DIANE JOUPE,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss (docket no. 12) be **GRANTED** insofar as it seeks dismissal of Plaintiff's claim of discrimination under the Michigan Persons with Disabilities Civil Rights Act. Defendants motion should be **DENIED** with respect to Plaintiff's claim under the Family and Medical Leave Act, her claim of association discrimination under the Americans with Disabilities Act, and her claim of retaliation under the Michigan Persons with Disabilities Civil Rights Act.

**II.    REPORT:**

    **A. Facts and Procedural History**

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claim that Defendants terminated her employment in violation of the Family and Medical Leave Act, her claim of disability discrimination in violation of the Americans with Disabilities Act, and her claims of discrimination and retaliation in violation of the Michigan Persons with Disabilities Civil Rights Act. Plaintiff has

1

responded to Defendants' Motion to Dismiss. (Docket no. 20). The motion has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket nos. 16, 18). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Plaintiff contends that Defendants terminated her employment in retaliation for taking time off to care for her disabled child, and discriminated against her due to her association with her disabled child, in violation of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"). Plaintiff claims that she filed a charge with the Equal Employment Opportunity Commission on or around June 1, 2008. (Docket no. 1). She states that the Commission issued a Notice of Right to Sue on the claims on June 1, 2009. (Docket no. 1 at 2).

Plaintiff filed her Complaint in this Court on September 4, 2009 against her former employer, Pitt, McGehee, Palmer, Rivers, & Golden, P.C.; partners/shareholders Cary S. McGehee and Michael L. Pitt; and Office Administrator/Bookkeeper Diane Joupe. (Docket no. 1). Plaintiff alleges in her Complaint that her minor child was sexually molested in September 2006 and developed severe separation anxiety during the course of the criminal proceedings. Plaintiff claims that she took time off from work to attend court appearances and trials and to care for her disabled child. She alleges that Defendant McGehee continually wrote her up for absenteeism although the absences were protected under the FMLA. She claims that Defendant Pitt stated that he was going to suspend her for absenteeism problems. Plaintiff further states that she was regularly harassed and verbally abused related to her attendance issues and that Defendant Joupe did nothing to help her.

**B. Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss the complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

**C. Analysis**

1. Family and Medical Leave Act

Defendants move to dismiss Plaintiff's claim under the FMLA because Plaintiff has not alleged sufficient facts to show that Defendants were employers as defined under the act. Defendants argue that Plaintiff did not allege that Defendant Pitt, McGehee, Palmer, Rivers, & Golden employed 50 employees. They further allege that Defendant Pitt, McGehee, Palmer, Rivers, & Golden averaged only 20 employees during Plaintiff's tenure. Defendants also claim that Plaintiff failed to allege facts supporting her claim that either she or her daughter suffered from a serious health condition.

The FMLA provides that eligible employees may take a total of twelve workweeks of leave during any twelve-month period "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). The act defines a "serious health condition" as "an illness, injury, impairment, or

physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees. . . ." 29 U.S.C. § 2611(4)(A)(i). An employer includes "any person who acts, directly or indirectly, in the interest of an employer. . . ." 29 U.S.C. § 2611(4)(A)(ii).

Plaintiff states in her Complaint that Defendant Pitt, McGehee, Palmer, Rivers, & Golden was "an employer whom [sic] honored the meaning" of the FMLA, and that during the course of her employment with the Defendant she took a leave of absence under the Family and Medical Leave Act. (Docket no. 1 at 3, 10). She alleges that her daughter suffered from a serious health condition in that she had a physical condition which required continuing treatment by a health care provider. (Docket no. 1 at 10-11). She also alleges that "she asked Defendant McGehee if she wanted documentation from the minor child's therapist" and claims to have provided Defendant with doctor notes for absences related to her child's disability. (Docket no. 1 at 5, 9).

Courts construe *pro se* complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The FMLA claim falls under Fed. R. Civ. P. 8(a)(2) requiring only a short and plain statement of the claim showing that the pleader is entitled to relief. Whether Plaintiff will ultimately succeed on this claim is not a proper consideration under Rule 12(b)(6). The Court should find that Plaintiff's Complaint, liberally construed, provides Defendants with fair notice of her claim under the FMLA.

2. Americans with Disabilities Act

Defendants move to dismiss Plaintiff's claim under the Americans with Disabilities Act, arguing that the act does not protect the Plaintiff from termination or any adverse treatment for violation of a tardiness or absenteeism policy even if the reason for the absenteeism or tardiness was

4

to care for her child. Defendants also assert that the ADA does not require an employer to accommodate a nondisabled associate of a disabled person.

The ADA forbids an employer from taking adverse action against "a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). "[T]he association provision does not obligate employers to accommodate the schedule of an employee with a disabled relative." *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 510 (3d Cir. 2009). Therefore, an employee cannot claim that her employer violated the ADA because her employer failed to grant sufficient time off, or refused to allow her to modify her schedule to enable her to care for a disabled relative. *See Overley v. Covenant Transp., Inc.*, 178 Fed. Appx. 488, 493 (6th Cir. 2006); *Tyndall v. Nat'l Educ. Ctrs., Inc.*, 31 F.3d 209 (4th Cir. 1994).

Plaintiff alleges in her Complaint that she was written up, harassed, and abused because of attendance problems caused by her need to care for her disabled child. However, she also alleges that she was not late for work, Defendants authorized her time off, she worked late and otherwise attempted to make up time but was barred from the premises, and she was discriminated against because of her association with a disabled person. (Docket no. 1 at 6, 7). Construing the Complaint in the light most favorable to the Plaintiff, the Court should find that Plaintiff's allegations are sufficient to state a claim for association discrimination under the ADA.

3. Michigan Persons with Disabilities Civil Rights Act

Defendants move to dismiss Plaintiff's claim under the PWDCRA because the act does not protect individuals who were discriminated against based on their association with or relationship to a disabled person.

5

To state a claim under the PWDCRA Plaintiff must allege that: "(1) she is 'disabled' as defined by the statute, (2) the disability is unrelated to the plaintiff's ability to perform the duties of a particular job, and (3) the plaintiff has been discriminated against in one of the ways set forth in the statute." *Chiles v. Mach. Shop, Inc.,* 606 N.W.2d 398, 405 (Mich. Ct. App. 1999). The statute defines disability as "[a] determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic . . . substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job. . . ." Mich. Comp. Laws § 37.1103(d)(i). Plaintiff's allegation that she is a qualified individual with a disability based on her association with a disabled person is not sufficient to raise a claim of discrimination under the PWDCRA.

MCL 37.1602 provides in pertinent part that: "A person or 2 or more persons shall not . . . [r]etaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding or hearing under this act." Mich. Comp. Laws § 37.1602. Plaintiff alleges in her Complaint that she opposed a violation of the PWDCRA and/or filed a Michigan Employment Security Commission charge and an Equal Employment Opportunity Commission charge against Defendants, alleging that the Defendants violated the FMLA, and ADA "among other things." She also claims that Defendant Pitt was aware that Plaintiff had filed a claim with the Michigan Employment Security Commission and subsequently back dated the cancellation of her medical coverage.

Liberally construed, Plaintiff's Complaint alleges sufficient facts to put Defendant on notice

6

of her claim of retaliation under the PWDCRA.  Accordingly, Defendants' Motion to Dismiss Plaintiff's retaliation claim under the PWDCRA should be denied.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 19, 2010              s/ Mona K. Majzoub
                                                           MONA K. MAJZOUB
                                                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Kelly Elias and Counsel of record on this date.


Dated: May 19, 2010                      s/ Lisa C. Bartlett
                                                      Case Manager