UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY ELIAS,

        Plaintiff,                      Case No. 09-13527
                                         HON. GEORGE CARAM STEEH

vs.

PITT, MCGEHEE, PALMER,
RIVERS & GOLDEN, P.C., *et al.*,

        Defendants.

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS [#12] AND DISMISSING ACTION WITHOUT PREJUDICE

**I.    INTRODUCTION**

On May 19, 2010, Magistrate Judge Mona K. Majzoub filed a report and recommendation recommending that the court grant defendants' motion to dismiss as to plaintiff's discrimination claim under the Michigan Persons With Disabilities Civil Rights Act, MICH. COMP. LAWS §37.1101 *et seq.* (PWDCRA), and deny defendants' motion to dismiss with respect to plaintiff's claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), discrimination claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and retaliation claim under the PWDCRA. On June 2, 2010, defendants filed objections to the report and recommendation.

Plaintiff, proceeding *pro se*, filed the instant action on September 4, 2009 against

-1-

her former employer, Pitt McGehee Palmer Rivers & Golden (PMPRG), two of its partners, and the office administrator alleging that she was continually harassed, written up, and verbally abused due to her need to take time off to care for her disabled daughter. Plaintiff claims that between September of 2006 through September of 2007 she was needed at numerous court appearances relating to her four year old daughter, who was the victim of a sex crime by a family friend. Plaintiff claims that her daughter began suffering from severe separation anxiety in March of 2007. Plaintiff claims that she was ultimately terminated in retaliation for taking time off to care for her daughter in violation of the FMLA and the PWDCRA, and discriminated against due to her association with her disabled child in violation of the ADA and the PWDCRA.

On March 5, 2010, the defendants filed a motion to dismiss requesting that plaintiff's complaint be dismissed in its entirety because none of her claims allege sufficient facts to state a claim upon which relief may be granted. Upon review of the parties' briefs, the report and recommendation, and defendants' objections, the court concludes that plaintiff's complaint should be dismissed. However, the court will permit the plaintiff to file an amended complaint to address the deficiencies in the FMLA claim as more fully described below.

## II. ANALYSIS

### A. Standard of Review

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)©. This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. FMLA

Defendants object to the magistrate judge's conclusion that plaintiff's complaint provides defendants with fair notice of her claim under the FMLA. Defendants argue that plaintiff's allegation that PMPRG is "an employer whom honored the meaning of the Family and Medical Leave Act[]" is insufficient to establish that PMPRG is an employer within the meaning of the FMLA.

The FMLA entitles an employee to take up to twelve weeks of unpaid leave without fear of termination "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)©. The FMLA defines an employer as "any person . . . who employs 50 or more employees." 29 U.S.C. § 2611(4)(A)(I). "Plaintiff has the burden of presenting evidence sufficient to show that Defendant is a covered "employer" as that term is defined by Congress in the FMLA." *Nichols v. All Points Transp. Corp. of Mich.*, Inc., 364 F. Supp. 2d 621, 627 (E.D. Mich. 2005). The FMLA defines a serious health condition as "an illness, injury, impairment or physical or mental condition that involves–(A) inpatient care in a hospital, hospice or residential medical care facility; or (B) continuing care by a health care provider." 29 U.S.C. § 2611(11).

Here, plaintiff's complaint alleges that defendants had a duty under the FMLA to "provide plaintiff with up to 12 weeks of leave for a serious health condition which rendered

plaintiff unable to perform the functions of her position and/or in order to care for a daughter who has a serious health condition. . . [and] an obligation to provide plaintiff with the ability to take her leave time on an intermittent or reduced leave schedule." Compl. ¶ 44. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "However, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Inasmuch as plaintiff does not state that PMPRG employed fifty or more employees, her claim lacks sufficient factual allegations to survive as it is. In this regard, the court should also consider unique pleading requirements for *pro se* litigants. "A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (internal citation omitted.) Additionally, PMPRG could have presented documentation establishing that it is not an employer as defined under the FMLA. At that point, the court could have converted its motion to a motion for summary judgment and required plaintiff to submit evidence to the contrary. For these reasons, the court will allow plaintiff to amend her pleading to allege with specificity that PMPRG is an employer subject to the FMLA, if she believes facts exist to conclude that PMPRG falls within the definition of employer under the Act.

Further, the court notes that the magistrate judge did not address defendants' alternate argument that plaintiff failed to allege that either she or her daughter suffered from a "serious medical condition". In response to defendants' motion to dismiss, plaintiff submitted doctor's notes that she supplied to defendants during her employment. These

doctors notes reveal that in March and November of 2007, plaintiff suffered from sinusitis and a migraine headache. This does not demonstrate that plaintiff suffered from an illness requiring inpatient care at a hospital nor that her illness required continuing care from a health care provider. *See* 29 U.S.C. § 2611(11). Similarly, plaintiff alleges that her daughter suffered from severe separation anxiety and that she provided defendant McGehee with documentation from her daughter's therapist. These factual allegations are not enough to equate to an illness requiring "inpatient care" or "continuing care from a health care provider," as required by the FMLA. The FMLA entitles eligible employees to a total of 12 workweeks of leave "because of a serious health condition" or "in order to care for a [] daughter [who] has a serious health condition." 29 U.S.C. §2612(a)(1)(C)-(D). Therefore, plaintiff has failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949.

Plaintiff's claim under the FMLA is dismissed. However, because plaintiff is proceeding *pro se*, the court will give her an opportunity to amend her complaint in order to allege sufficient facts (1) describing facts sufficient to conclude a serious health condition entitled her to protection, and (2) demonstrating that PMPRG is an employer within the meaning of the FMLA.

**C.    ADA**

In her complaint, plaintiff alleges that "she was harassed, written up and verbally abused on a regular basis over her need for time off to care for her disabled daughter." Defendants object to the magistrate judge's conclusion that these allegations state a claim of "association discrimination" under the ADA.

Plaintiff's claim arises under §12112(b)(4), which prohibits an employer from

discriminating against "a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. §12112(b)(4). There is a scarcity of law on this provision of the ADA, however in an unpublished decision, the Sixth Circuit Court of Appeals adopted the Tenth Circuit Court of Appeals' decision in *Den Hartog v. Wasatch Academy*, 129 F. 3d 1076, 1085 (10th Cir. 1997), which set forth the elements a plaintiff must satisfy to establish a claim under § 12112(b)(4). *See Overley v. Covenant Transport, Inc.*, 178 Fed. Appx. 488, 493 (6th Cir. April 27, 2006). Specifically, plaintiff must demonstrate that (1) she was qualified for the position; (2) she was subject to an adverse employment action; (3) she was known to have a relative with a disability; and (4) the adverse employment action occurred under a circumstance that raises a reasonable inference that the disability of the relative was a determining factor in the decision. *Id.*

Plaintiff has not provided sufficient facts to state a claim that is plausible on its face. Plaintiff's claim fails on the last prong of this test because she has not alleged any facts that raise a reasonable inference that her daughter's disability was the determining factor behind any adverse employment decision. Plaintiff alleges that "she was harassed, written up and verbally abused on a regular basis over " her time off. An employee who files a claim under §12112(b)(4) is not protected to the same extent as a disabled employee because an employer has no duty to reasonably accommodate an employee based on his or her association with a disabled person. *Overley*, 178 Fed. Appx. at 493 (citing 29 C.F.R. Pt. 1630, App. (§ 1630.8); *Den Hartog*, 129 F. 3d at 1084-85). The Seventh Circuit Court of Appeals has explained the circumstances under which an employee may be afforded protection under §12112(b)(4). *See Larimer v. IBM Corp.*, 370 F.3d 698, 700 (7th

Cir. 2004). The *Larimer* court held:

> Three types of situation are, we believe, within the intended scope of the rarely litigated (this is our first case) association section. We'll call them 'expense,' 'disability by association,' and 'distraction.' They can be illustrated as follows: an employee is fired (or suffers some other adverse personnel action) because (1) ('expense') his spouse has a disability that is costly to the employer because the spouse is covered by the company's health plan; (2a) ('disability by association') the employee's homosexual companion is infected with HIV and the employer fears that the employee may also have become infected, . . .; (2b) another example of disability by association) one of the employee's blood relatives has a disabling ailment that has a genetic component and the employee is likely to develop the disability as well (maybe the relative is an identical twin; (3) ('distraction') the employee is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation, . . . the right to an accommodation, being limited to disabled employees, does not extend to a nondisabled associate of a disabled person.

*Larimer v. IBM Corp.*, 370 F.3d 698, 700 (7th Cir. 2004). The facts supporting plaintiff's claim do not suggest that her daughter's disability was the reason behind defendants' alleged misconduct. Rather, plaintiff specifically states that defendants refused to accommodate her schedule as it related to her daughter. *See Overley*, 178 Fed. Appx. at 494 (employer "ha[s] no duty under the ADA to adjust [plaintiff]'s work schedule or allow her to miss work to care for her daughter."); *see also, Erdman v. Nationwide Insurance Co.*, 582 F. 3d 500, 510 (3d Cir. 2009) ("[T]he association provision does not obligate employers to accommodate the schedule of an employee with a disabled relative."). The court therefore sustains defendants' objection and rejects the magistrate judge's conclusion that plaintiff has stated an association discrimination claim under the ADA. Plaintiff's ADA claim is therefore dismissed.

### D. PWDCRA

The court accepts and adopts the magistrate judge's conclusion that plaintiff's

complaint fails to state a claim of discrimination under the PWDCRA.  Plaintiff's claim that she is a qualified individual based on her association with a disabled person is insufficient to state a discrimination claim under the PWDCRA.  *See* MICH. COMP. LAWS § 37.1102; § 37.1103(d)(I). The magistrate judge also concluded that plaintiff stated a claim for retaliation under the PWDCRA.  Defendants object to the magistrate judge's conclusion as to plaintiff's PWDCRA retaliation claim.

It is unlawful in Michigan for "a person . . . [to] retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding or hearing under this act." MICH. COMP. LAW § 37.1602.  In order to state a claim for unlawful retaliation, plaintiff must allege that: (1) she engaged in protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action.  *See Aho v. Mich. Dep't of Corr.*, 263 Mich. App. 281, 288-89; 688 N.W. 2d 104 (2004).

The magistrate judge relied on plaintiff's allegations that defendant Pitt was aware that she had filed a Michigan Employment Security Commission charge and subsequently backdated the cancellation of her medical coverage.  These allegations do not state a claim for retaliation under the PWDCRA.   Plaintiff does not allege that her claim for unemployment benefits asserted a violation of the PWDCRA.   Plaintiff's allegations lack the requisite facts to state a claim, specifically that she alleged a violation of the PWDCRA in the submission of her claim for unemployment benefits.

Additionally, to the extent the magistrate judge relies on the allegation that plaintiff

filed an allegation with the Equal Employment Opportunity Commission (EEOC), such an allegation cannot support a claim for retaliation under the PWDCRA. Plaintiff states that subsequent to her termination she filed an EEOC charge "arising out of her termination from employment alleging a violation of the []the Michigan Persons with Disabilities Civil Rights Act . . . ." Compl., ¶ 31. While this may be protected activity under the PWDCRA, plaintiff cannot establish the requisite casual connection between her protected activity and the adverse employment action because at the time she filed the EEOC charge, she had already been allegedly terminated from employment. Thus, plaintiff has failed to allege sufficient facts to state a claim for relief that is plausible on its face. The court sustains defendants' objection and rejects the magistrate judge's conclusion that plaintiff has stated a retaliation claim under the PWDCRA.

## III.    CONCLUSION

For the reasons set forth above, the magistrate's May 19, 2010 report and recommendation is accepted in part and rejected in part.

Defendants' motion to dismiss [#12] is GRANTED.

Plaintiff's complaint is dismissed without prejudice.

Plaintiff shall file an amended complaint setting forth sufficient factual allegations to state a claim under the FMLA no later than December 3, 2010. In the event such an amended complaint is not filed by that date, this dismissal shall be with prejudice.

IT IS SO ORDERED.

Dated: November 10, 2010

          S/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2010, by electronic and/or ordinary mail and also to Kelly Elias at 6226 N 47th Drive, Glendale, AZ 85301.

S/Josephine Chaffee
Deputy Clerk