UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY ELIAS,

        Plaintiff,                      Case No. 09-13527
                                            HON. GEORGE CARAM STEEH

vs.

PITT, MCGEHEE, PALMER,
RIVERS & GOLDEN, P.C., *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On November 10, 2010, this court dismissed plaintiff's claims under the Michigan Persons With Disabilities Civil Rights Act, MICH. COMP. LAWS §37.1101 *et seq.* (PWDCRA) the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA). However, the court provided plaintiff an opportunity to amend her complaint to allege sufficient specificity to state a claim under the FMLA. The court's order required plaintiff to file an amended complaint by December 3, 2010, however plaintiff failed to file an amended complaint by the deadline imposed by the court. On April 11, 2011, this court denied plaintiff's motion for an extension of time to file an amended complaint, concluding that plaintiff's motion for an extension of time was filed nearly three months past the deadline imposed by the court.

Plaintiff has filed "Objections to Order Denying Plaintiff's Motion to Extend the

-1-

Deadline to File an Amended Complaint and Motion for Relief from Judgment Entered on April 11, 2011, Under Rule 60." The court construes plaintiff's present motion as a motion for reconsideration under E.D. Mich. L.R. 7.1(g)(3).

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). Plaintiff has failed to demonstrate a palpable defect by which this court has been misled, the correction of which will result in a different disposition of this case.

Plaintiff argues that this court erred in denying her an extension of time because she should have been granted an extension under Rule 60(b)(1) for excusable neglect and/or under Rule 60(b)(3) for defendants' purported fraud and misconduct. Plaintiff incorrectly invokes Rule 60 in support of her argument. At the time plaintiff moved for an extension to file an amended complaint, the court had not yet entered a final judgment. *See* Fed. R. Civ. P. 60(b) ("Grounds for Relief from Final Judgment, Order, or Proceeding.") In any event, plaintiff did not attach a copy of a proposed amended complaint to her motion for extension of time, nor has she identified specifically how she will rectify the pleading deficiencies discussed in this court's November 10, 2010 order either in the present motion or the motion for an extension of time to file an amended complaint.

Accordingly,

Plaintiff's motion for reconsideration [#33] is DENIED.

SO ORDERED.

Dated: March 22, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 22, 2012, by electronic and/or ordinary mail and also to Kelly Elias at 44480 Heydenreich Road, Clinton Township, MI 48038.

S/Josephine Chaffee
Deputy Clerk